CLUNE v. MADDEN et al.

(Circuit Court, D. Indiana. November 5, 1896.)

No. 9,231.

1. PATENTS—INVENTION—FOLDING BEDS.
There is no invention in the use of a pin or hook on the back of a folding bed lounge to automatically engage with an eye on the headrest when the two sections are folded together, thus holding the back firmly in place.

2. SAME.
The Clune patent, No. 394,957, for a folding bed lounge, is invalid as to the first claim for lack of invention.

This was a suit in equity by Michael Clune against Thomas Madden and others for alleged infringement of a patent.

Chester Bradford, for complainant.
V. H. Lockwood, for defendants.

BAKER, District Judge. This is a suit in equity in the usual form for infringement of the first claim of letters patent No. 394,957, issued to the complainant, December 25, 1888. The claim involved reads as follows:

"(1) A bed lounge, composed of two folding sections, hinged together, the lower one having a back rigidly attached thereto, and a fastening for the same, composed of two parts, one of which is fixed at or near the top of the inside of the head of the upper folding section, the other at or near the top of the back, so that when the lounge is folded up the two parts will engage with each other, securing the headrest of the frame to the back, substantially as shown and described."

The defenses relied on are noninvention and noninfringement. The only novelty in the combination claimed by the complainant con-

sists in the use of an eye on the headrest of the lounge and a pin or hook on the back so placed that the two will automatically engage when the two sections are folded together, and thus hold the back firmly in place. In view of the common and diversified use of similar devices for the accomplishment of substantially similar purposes, and especially in view of the Braun patent, No. 177,462, it seems impossible to find in the claim involved in this suit any such advance in the prior state of the art, or any such new and useful combination, as is necessary to constitute invention. In my opinion, mere mechanical skill, without any exercise of the inventive faculty, would have suggested to any ordinarily skillful mechanic familiar with the manufacture of bed lounges, the use of a pin or hook to be inserted in the eye found on the headrest of the Braun patent to support the back of the lounge, and hold it firmly in place. Indeed, such a pin or hook is distinctly suggested in the specifications of the Braun patent in these words:

"The back, C, is provided with a groove, hook, or spring-catch, or other device for securing the upper head section on the lower stationary section, and to the back when folded over; the lower part to form the head of the lounge."

The foregoing views make it unnecessary to consider the question of infringement. The bill will be dismissed for want of equity, at complainant's costs.