CLUNE v. MADDEN et al.

(Circuit Court of Appeals, Seventh Circuit. July 1, 1897.)

No. 368.

1. PATENTS—INVENTIONS—FOLDING BEDS.
    There is no invention in the use of a pin or hook on the back of a folding bed-lounge to automatically engage with an eye on the headrest when the two sections are folded together, thus holding the back firmly in place. 77 Fed. 205, affirmed.
2. SAME.
    The Clune patent, No. 394,957, for a folding bed-lounge, is void as to the first claim for want of invention. 77 Fed. 205, affirmed.

Appeal from the Circuit Court of the United States for the District of Indiana.

This was a suit in equity by Michael Clune against Thomas Madden, Edward J. O'Reilly, and Christopher A. O'Connor for alleged infringement of a patent relating to folding bed-lounges. The circuit court held the patent invalid, and dismissed the bill. 77 Fed. 205. The complainant has appealed.

Chester Bradford, for appellant.

V. H. Lockwood, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This appeal is from a decree dismissing a bill for infringement of the first claim of patent No. 394,957, issued

December 25, 1888, to Michael Clune, of Indianapolis, Ind. The claim reads as follows:

"A bed-lounge composed of two folding sections hinged together, the lower one having a back rigidly attached thereto, and a fastening for the same, composed of two parts, one of which is fixed at or near the top of the inside of the head of the upper folding section, the other at or near the top of the back, so that when the lounge is folded up the two parts will engage with each other, securing the headrest of the frame to the back, substantially as shown and described."

As stated in the opinion of the court below (77 Fed. 205):

"The only novelty in the combination claimed by the complainant consists in the use of an eye on the headrest of the lounge, and a pin or hook on the back, so placed that the two will automatically engage when the two sections are folded together, and thus hold the back firmly in place."

We quite agree with that court that, in view of the common and diversified uses of similar devices for the accomplishment of similar purposes, it is impossible to find patentable novelty in the invention. The Braun patent, No. 177,462, shows a similar construction, designed to secure the upper head section on the lower stationary section, or, in other words, to prevent horizontal movement of the upper section; but it needed no power of invention to put into the groove in the back of Braun's lounge a pin, which should engage automatically with a hook, or spring catch, or other device there used, for the further purpose of holding the back firmly; especially since devices composed of two parts, but which were engaged by hand, had been used theretofore upon lounges for the same purpose. The decree is therefore affirmed.